NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

KARAE JUSTIN BRANCH, *Appellant.*

No. 1 CA-CR 19-0222
FILED 8-25-2020

---

Appeal from the Superior Court in Yavapai County
No.  P1300CR201600356
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Yavapai County Public Defender's Office, Prescott
By Blake Cormie
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

**¶1**        Defendant Karae Justin Branch appeals from seven felony convictions and resulting sentences. Branch argues the superior court committed structural error when it forced an attorney to represent him after he had waived his right to counsel. Because Branch was represented by counsel at the time of this claimed error, withdrawal of his waiver of counsel was not at issue. Accordingly, and because Branch did not reassert his desire to represent himself, the convictions and sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In February 2016, police officers, responding to a rollover car accident, recovered guns, drugs and drug paraphernalia. The officers arrested Branch, the owner of the car, at the scene. The State charged Branch with seven felony offenses:  possession of narcotic drugs, a Class 2 felony (Count 1); three counts of misconduct involving weapons, Class 4 felonies (Counts 2-4); possession or use of marijuana, a Class 6 felony (Count 5); and two counts of possession or use of drug paraphernalia, Class 6 felonies (Counts 6-7).

**¶3**        Branch had six different attorneys over the course of pretrial and trial proceedings. Three withdrew because of conflicts, one was internally reassigned, and one withdrew because of a communication breakdown. In March 2018, Alex Harris was appointed to represent Branch. The next month, Branch asked to represent himself. After Branch signed a waiver of counsel form and after a colloquy, the court found Branch had knowingly, intelligently and voluntarily waived his right to counsel. *See* Ariz. R. Crim. P. 6.1(c) (2020).[1] Harris then served as advisory counsel.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4        Over the next two months, Branch filed several motions as a self-represented party, including an unsuccessful motion to remove Harris as advisory counsel. In June 2018, given concerns about Branch's competence to proceed to trial and to represent himself, the court ordered a preliminary competency evaluation. *See* Ariz. R. Crim. P. 11. In October 2018, based on two preliminary reports questioning Branch's competency, the court ordered a Rule 11 competency hearing, and again appointed Harris to represent Branch. The State asked the court to clarify the extent of her representation:

> [THE STATE]: Is Ms. Harris appointed from here forward or just for purposes of competency proceedings or --
>
> THE COURT: Right now, . . . and just for the record, I have two evaluations advising me that they don't believe that Mr. Branch is competent . . . . Given that, I don't believe I have an option but [to] appoint Ms. Harris for purposes of the Rule 11 proceedings for now. She will conduct the hearing. And then, at the end of that hearing, I'll make a decision about who should represent Mr. Branch from here on out.

¶5        At the competency hearing, Harris appeared as counsel for Branch and represented him. After testimony from two experts, the court found Branch competent. The court then asked Branch whether he wanted to represent himself or if he wanted Harris to represent him:

> THE COURT: [I]f . . . [Mr. Branch] desires to continue to [represent himself], . . . he should be able to continue to represent himself. If he wants to have Ms. Harris as counsel, he's always free to change his mind on that at any time. I do believe that Ms. Harris is appropriate to continue as advisory counsel. . . . Mr. Branch, did you wish to have Ms. Harris represent you or did you wish to continue to represent yourself as you did previously?

Branch responded "[w]ell, I don't know." The court then scheduled a status conference two weeks later, allowing Branch to consider the issue. The

court added that "[f]or now . . . [Ms. Harris is] still on the case until Mr. Branch tells me otherwise."

¶6            At the November 2018 status conference, Branch was present and represented by Harris. Branch expressed his frustration with the proceedings, stating he did not want to be present in the courtroom anymore:

> MR. BRANCH: I will not -- no longer come to this courtroom. Keep me in your jail as long you -- I been in there for a year, I might as well stay in there for a few more. I'm ready to go.
>
> . . .
>
> THE COURT: Mr. Branch . . . before you go, can I ask you one more question? . . . All I need to know is whether you want to continue . . . with Ms. Harris, or do you want to represent yourself now?
>
> . . .
>
> MR. BRANCH: I have no control of it . . . . I'd just rather just go on ahead and go about my business, sit in the cell, and let your officers continue to harass me. I don't give a [expletive]. I care less.
>
> THE COURT: All right.
>
> MR. BRANCH: I'm ready to go.
>
> THE COURT: All right. Thank you, Mr. Branch.
>
> MR. BRANCH: Got me in here for no reason.
>
> THE COURT: Ms. Harris, I'm going to take that as an acceptance of your representation in this matter. I'm going to allow you to continue on the matter.
>
> (Whereupon, Mr. Branch exits the courtroom.)

This exchange is confirmed in the court's resulting minute entry, in which the court stated it would allow Harris to continue to represent Branch. Harris continued to represent Branch moving forward. Branch never again requested to represent himself.

¶7        After a jury trial in early 2019, where Harris represented Branch and where Branch elected to testify, the jury found him guilty as charged. The court later sentenced him to concurrent prison terms, the longest of which was for ten years. This court has jurisdiction over Branch's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12–120.21(A)(1), 13–4031 and 13–4033(A).

## DISCUSSION

¶8        Branch argues that the court violated his constitutional right to represent himself by "forcing an attorney on a defendant who properly waived his right to counsel [and] who wanted to represent himself" at and after the November 2018 status conference.

¶9        "The right to counsel under both the United States and Arizona Constitutions includes an accused's right to proceed without counsel and represent himself." *State v. Lamar*, 205 Ariz. 431, 435 ¶ 22 (2003). To be valid, the waiver of the right to counsel "must be made knowingly, intelligently, and voluntarily." *State v. Cornell*, 179 Ariz. 314, 322 (1994) (citing *Edwards v. Arizona*, 451 U.S. 477, 482 (1981); *Faretta v. California*, 422 U.S. 806, 835 (1975)). After waiving the right to counsel, a defendant may withdraw that waiver at any time, Ariz. R. Crim. P 6.1(e), as long as the withdrawal is "unequivocal" and "clear." *State v. Gonzales*, 181 Ariz. 502, 510 (1995) (citing *State v. Rickman*, 148 Ariz. 499, 503 (1986)). The court's "decision to revoke a defendant's self-representation is reviewed for an abuse of discretion." *State v. Gomez*, 231 Ariz. 219, 222 ¶ 8 (2012).

¶10        Branch insists he waived his right to counsel in March 2018 and "never 'clearly indicated' that he changed his mind" before the November 2018 hearing. That argument, however, misconstrues the facts and procedural history. Although Branch properly waived his right to counsel in April 2018, Harris was reinstated as Branch's attorney, without objection, to represent him for the Rule 11 competency evaluation and hearings. Harris then *remained* his counsel going forward, without objection, through trial and sentencing. Thus, the premise of Branch's argument that the superior court forced him to accept Harris as counsel after the November 2018 status conference is incorrect. In fact, at the time

of that status conference, Harris had been representing Branch for more than a month and the court had clarified at the competency hearing that Harris is "still on the case until Mr. Branch tells me otherwise." Branch never told the court otherwise. Therefore, because Harris was Branch's attorney at the November 2018 status conference, withdrawal of Branch's waiver of counsel was not, and could not have been, at issue.

¶11        Instead, the issue is whether Branch sought to waive his right to counsel for a second time at the November 2018 status conference and, if so, whether he did so properly. Although Branch expressed his dissatisfaction with Harris and the criminal justice system in general, the record does not show that Branch reasserted his wish to represent himself at the November 2018 status conference, or at any later time. Indeed, the November 2018 status conference was specifically set to allow Branch to decide whether he wanted to represent himself. During that hearing, however, Branch never expressed any desire to represent himself. Instead, Branch conveyed his frustration with the court proceedings and then left, answering "I don't care" when the court asked if he "want[ed] to continue . . . with Ms. Harris [as counsel], or do you want to represent yourself now."

¶12        At the November 2018 status conference, Branch never said he wanted to represent himself. Moreover, Branch neither tendered a written waiver nor requested a colloquy so the court could ensure any such waiver was proper. *See* Ariz. R. Crim. P. 6.1(c); *see also Cornell*, 179 Ariz. at 322 ("The right to waive counsel is . . . limited in several ways."); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) ("[C]ourts indulge every reasonable presumption against waiver of fundamental constitutional rights," including waiver of counsel. (citation omitted)). Because Branch walked out of the courtroom without stating he wanted to represent himself, the court did not violate Branch's right to represent himself.

¶13        Finally, Branch contends he "was literally silenced at his own trial, [because] his attorney forced the court to put his mic on mute." Typically, single sentence arguments are waived. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."). Moreover, the record does not support this contention. Indeed, Branch testified at trial in his own defense. In any event, Branch has shown no error in his microphone being muted at trial.

## CONCLUSION

¶14        Branch's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA